## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| EVERTON BARTLEY, | : | |
| | : | Case No. 3:18-cv-16283(BRM)(TJB) |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| STATE OF NEW JERSEY, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

Before this Court is *pro se* prisoner Everton Bartley's ("Plaintiff") Motion to Re-Open and

his Amended Complaint, filed pursuant to 42 U.S.C. § 1983. (ECF No. 27.) On August 30, 2019,

the Court entered an Opinion and Order dismissing Plaintiff's initial Complaint (ECF No. 1) for

time bar issues and for failure to state a claim upon which relief may be granted, but gave Plaintiff

leave to file an amended complaint (ECF Nos. 6 & 7). His Amended Complaint is currently before

this Court for screening pursuant to 28 U.S.C. §§ 1915, 1915A.

## I. BACKGROUND

In the Amended Complaint, Plaintiff again names Colonel Justin Dintino and Officer

Joseph Fuentes, John Doe Officers, and the New Jersey State Police Agency as defendants. (Am.

Compl. ¶¶ 2-6.) Plaintiff also now names the State of New Jersey and the Attorney General of the

State of New Jersey as defendants. (Am. Compl. ¶¶ 2-3.) Plaintiff again raises an unlawful search

claim against John Doe Officers. (Am. Compl. ¶ 23.) Plaintiff's next three claims are labeled as

procedural and substantive due process claims against the State of New Jersey, the Attorney

General of the State of New Jersey, the Head of the New Jersey State Police, and Colonel Dintino

and Officer Fuentes; however, the Court construes the claims as supervisory liability claims. (Am.

Compl. ¶¶ 24-26.) Plaintiff alleges the State of New Jersey, by and through its Attorney General and the Head of the New Jersey State Police, "whose duty it is to enforce Regulations, Policies, New Jersey statutory law that pertains to citizens . . . , failed to protect Plaintiff's 'minimal procedural due process' rights by the use of insufficient mechanisms that did not protect the liberty interest of Plaintiff and should have been prevented by issuing implementing Regulations." (Am. Compl. ¶ 25.) Plaintiff alleges the Defendants violated his procedural due process rights "because the procedures that were used in prosecuting Plaintiff ignored the Directives, Policies, and statutes of the state of New Jersey[] and were insufficient to safeguard requirements to secure Plaintiff's 'minimal due process.'" (Am. Compl. ¶ 24.) Plaintiff also alleges Defendants Dintino and Fuentes failed to "recognize the actions of their subordinate police officers, whose duty it is to oversee each and every action of the officers" who violated Plaintiff's substantive and procedural due process rights. (Am. Compl. ¶ 26.) Plaintiff again raises a conspiracy claim against the officer Defendants and now adds the State of New Jersey and the Attorney General to the claim. (Am. Compl. ¶ 27.) Plaintiff argues the Defendants collectively conspired to "protect the initial illegal actions of Defendants John Doe" and continuing with Plaintiff's prosecution. (*Id.*) Plaintiff's final claim alleges Plaintiff's rights to Equal Protection of the law were violated when he was treated differently to persons of a different class. (Am. Compl. ¶ 28.) Plaintiff is seeking the termination of employment of Defendants John Doe, Dintino, and Fuentes. (Am. Compl. ¶ 30(D)(E).) Plaintiff is also seeking monetary damages. (Am. Compl. ¶ 30(A)(B)(C).)

## II. LEGAL STANDARD

### A. *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions

in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any

3

> rights, privileges, or immunities secured by the Constitution and
> laws, shall be liable to the party injured in an action at law, suit
> in equity, or other proper proceeding for redress . . . .

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## III. DECISION

### A. False Arrest, Illegal Search, Selective Enforcement, Conspiracy

Here, the allegations in Plaintiff's Amended Complaint regarding the claims of illegal search and seizure and conspiracy were raised in Plaintiff's initial Complaint.[1] (*See* ECF No. 1 at 4-5, 8-9; *see also* ECF No. 27-2 at 6-7.) Plaintiff's equal protection claim was also raised previously raised in the initial Complaint. (*See* ECF No. 1 at 5.) The Court addressed the claim as a selective enforcement claim in the August 20, 2019 Opinion. Selective enforcement is a violation of the Equal Protection Clause of the Fourteenth Amendment. *Whren v. United States*, 517 U.S. 806, 813, 116 S. Ct. 1769, 135 L.Ed.2d 89 (1996). To make a viable equal protection claim based on selective enforcement, the Complaint must plausibly suggest that the challenged law enforcement practice had a discriminatory effect and was motivated by a discriminatory purpose. *Carrasca v. Pomeroy*, 313 F.3d 828, 834 (3d Cir. 2002). As the Court previously informed Plaintiff, these claims are time barred. Section 1983 claims are governed by the applicable state's statute of limitations for personal-injury claims. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *see also Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989). Under New Jersey

---

[1] The Court notes Plaintiff does add the State of New Jersey, the Attorney General of the State of New Jersey and the Head of the New Jersey State Police to these claims. As discussed below, all claims against these Defendants in both their official and personal capacity fail.

4

law, there is a two-year statute of limitations period for personal-injury torts. N.J. Stat. Ann. §
2A:14–2. Therefore, Plaintiff's § 1983 claims are governed by a two-year statute of limitations.
*See Cito*, 892 F.2d at 25. The limitation period begins to run on the accrual date, which is governed
by federal law. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Under federal law, a claim accrues
when the facts which support the claim reasonably should have become known to the plaintiff.
*Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). New Jersey law governs when
accrual of a § 1983 claim may be delayed pursuant to the discovery rule and when a limitation
period may be equitably tolled. *See Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir.
2010). The discovery rule postpones a claim from accruing if a plaintiff is reasonably unaware that
he has suffered an injury or, even though he is aware of the injury, that it was the fault of an
identifiable person. *See Caravaggio v. D'Agostini*, 765 A.2d 182, 187 (N.J. 2001).

The Court found Plaintiff's false arrest claims was time barred by the statute of limitations.
As explained previously, a claim of false arrest, and the accompanying claim for false
imprisonment, accrues immediately upon the arrest at issue. *Wallace*, 549 U.S. at 389–90 & n.3,
127 S. Ct. 1091; *Singleton v. DA Philadelphia*, 411 F. App'x 470, 472 (3d Cir. 2011) (accrual of
a claim for false arrest occurred on the date the plaintiff "was arrested and charges were filed
against him"). Nevertheless, while the claim accrues upon arrest, the statute of limitations does not
begin to run at the same time. Instead, the statute of limitations for a false arrest/imprisonment
claim begins to run "when the individual is released, or becomes held pursuant to legal process,"
i.e., when he is arraigned. *Alexander*, 367 F. App'x at 290 n.2 (citing *Wallace*, 549 U.S. at 389–
90, 127 S. Ct. 1091); *see also Pittman v. Metuchen Police Dep't*, 441 F. App'x 826, 828 (3d Cir.
2011). The Court previously dismissed Plaintiff's false arrest claim without prejudice because his
guilty plea was more than twenty years before the filing of the initial Complaint here.

The Court also found Plaintiff's Fourth Amendment claim for unlawful search was dismissed because it is barred by the two-year limitations period. That claim accrued, and the limitation period began to run, at the time Plaintiff was injured in 1992. *Mujaddid v. Wehling*, 663 F. App'x 115, 119 (3d Cir. 2016) (explaining unlawful search claims accrue at the time of injury); *Rolax v. Whitman*, 53 F. App'x 635, 637 (3d Cir. 2002) (unlawful search claim accrues at time of search).

The Court also dismissed the selective enforcement claim as time barred. Typically, a "selective-enforcement claim will accrue at the time that the wrongful act resulting in damages occurs." *Dique*, 603 F.3d at 188. Under certain circumstances, however, a plaintiff may be reasonably unaware he has been injured, and, in such circumstances, the selective enforcement claim does not accrue until the plaintiff becomes aware he has been the victim of selective enforcement. *Id.* The Court explained in order to show delay of accrual, Plaintiff must plead facts showing he was unaware of his injury. After analyzing relevant cases from this District, the Court found the initial Complaint was replete with allegations showing Plaintiff was aware of the facts necessary for his selective enforcement claim on the night of his arrest. Because Plaintiff's filed his initial Complaint over 20 years after his arrest, the claim is time barred.

Likewise, the Court dismissed the conspiracy claim as time barred. The Court explained the New Jersey two-year statute of limitation is applicable to § 1985 claims and runs from when a plaintiff knew or should have known of the alleged conspiracy. *Dique*, 603 F.3d at 189 (citing *Bougher v. Univ. of Pitts.*, 882 F.2d 74, 80 (3d Cir. 1989)). The Court found Plaintiff was clearly aware of the selective enforcement, false arrest, illegal search at the time of his arrest, thus, his conspiracy claim arising from these actions were also time barred by the statute of limitations.

Plaintiff's Amended Complaint fails to address the deficiencies identified by the Court in the August 20, 2019 Opinion regarding Plaintiff's illegal search and seizure, selective enforcement, and conspiracy claims. Plaintiff's Amended Complaint is silent as to the time bar issues and does not make a tolling argument. Therefore, for the reasons stated herein and in the Court's prior Opinion these claims remain time barred.

**B. Supervisory Liability**

The Court construes Plaintiff's three remaining "substantive and procedural due process" claims as supervisory liability claims. (Am. Compl. ¶ 24-26.) Plaintiff brings these claims against the State of New Jersey, the Attorney General of the State of New Jersey, the Head of the New Jersey State Police, and Colonel Dintino and Officer Fuentes. Plaintiff alleges the State of New Jersey, by and through its Attorney General and the Head of the New Jersey State Police,

> whose duty it is to enforce Regulations, Policies, New Jersey statutory law that pertains to citizens . . . , failed to protect Plaintiff's 'minimal procedural due process' rights by the use of insufficient mechanisms that did not protect the liberty interest of Plaintiff and should have been prevented by issuing implementing Regulations.

(Am. Compl. ¶ 25.) Plaintiff alleges the Defendants violated his procedural due process rights "because the procedures that were used in prosecuting Plaintiff ignored the Directives, Policies, and statutes of the state of New Jersey[] and were insufficient to safeguard requirements to secure Plaintiff's 'minimal due process.'" (Am. Compl. ¶ 24.) Plaintiff also alleges Defendants Dintino and Fuentes failed to "recognize the actions of their subordinate police officers, whose duty it is to oversee each and every action of the officers" who violated Plaintiff's substantive and procedural due process rights. (Am. Compl. ¶ 26.) Plaintiff is arguing the State of New Jersey, the Attorney General for the State of New Jersey and the Head of the New Jersey State Police should be liable because the policies and procedures in place were inadequate to protect Plaintiff's due

process rights. Plaintiff is also alleging Defendants Dintino and Fuentes are liable based on action of their subordinates.

First, as explained above, claims under § 1983 are "governed by the applicable state's statute of limitations," and therefore, Plaintiff's supervisory liability claims, which arose in New Jersey, are also subject to a two-year limitations period. *Dique*, 603 F.3d at 185. Claims arising under § 1983 accrue "when the plaintiff knows or has reason to know of the injury which is the basis for a section 1983 action." *Ozoroski v. Maue*, 460 F. App'x 94, 97 (3d Cir. 2012). As discussed at length above and in the Court's prior Opinion all of the facts Plaintiff alleges in support of his claims that there were no proper regulations or policies, including his alleged illegal search and seizure, false arrest, and selective enforcement, all occurred more than twenty years before the filing of Plaintiff's initial complaint. Therefore, Plaintiff's supervisory liability claims are time barred and subject to dismissal. The Amended Complaint does not demonstrate any basis for the Court to equitably toll the limitations period. Therefore, the supervisory liability claims against the State of New Jersey, the Attorney General of the State of New Jersey, the Head of the New Jersey State Police, and Colonel Dintine and Officer Fuentes are dismissed without prejudice.

Even without the time bar issues, the Court additionally finds these Defendants are immune from suit under § 1983 and must be dismissed with prejudice as such. *See, e.g., Walker v. Beard*, 244 Fed. App'x 439, 440 (3d Cir. 2007). Neither a state, nor its officials are "persons" for the purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 109 S. Ct. 2304, 105 L.Ed.2d 45 (1989); *Dorsett v. N.J. State Police*, No. 04–5652, 2007 WL 556890, at *2–3 (D.N.J. Feb. 15, 2007). Further, "[i]t is well settled that the New Jersey State Police is an arm of the state and thus not a person within the meaning of § 1983." *Gonzalez v. Bobal*, 2015 WL 1469776, at *3 (D.N.J. March 30, 2015). "Section 1983 provides a federal forum to remedy many deprivations of

civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State . . . . The Eleventh Amendment bars such suits unless the State has waived its immunity." *Will*, 491 U.S. at 66, 109 S. Ct. 2304. Defendants Dintino and Fuentes in their official capacity are also not persons for the purpose of § 1983. In *Will*, the Supreme Court held that state actors in their official capacities are not persons who may be sued under § 1983, stating, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . . As such, it is no different from a suit against the State itself." *Smith v. New Jersey*, 908 F. Supp. 2d 560, 563-65 (D.N.J. 2012) (*citing Will*, 491 U.S. at 71) (internal citation omitted). Since immunity has not been waived here, and neither states nor their officials are subject to liability under § 1983, Plaintiff's constitutional claims against the State of New Jersey, the Attorney General of the State of New Jersey, the Head of the New Jersey State Police and Defendants Dintino and Fuentes in their official capacities are dismissed with prejudice.

Additionally, Plaintiff may not base his claims against the Attorney General, the Head of the New Jersey State Police, or Defendants Dintino and Fuentes in their personal capacities strictly on a theory of respondeat superior. *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). Supervisory liability generally requires some affirmative conduct by the supervisor, such as a supervisor's implementation or maintenance of a policy, practice, or custom that caused the plaintiff constitutional harm. *Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016); *Santiago v. Warminster Township*, 629 F.3d 121, 129 n.5 (3d Cir. 2010). Hence, there are two potential theories of supervisory liability. *See A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). Under the first theory, defendants may be sued as policy makers "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, custom, or practice which directly caused [the] constitutional harm.'" *Id.*

(quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)). The second theory of liability provides that a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations. *See Baker v. Monroe Township*, 50 F.3d 1186, 1190–91 (3d Cir. 1995). Knowledge in a "failure to supervise" claim must consist of either "contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 202 (3d Cir. 2000).

Plaintiff is asserting a policy-maker theory of supervisory liability against the State of New Jersey, the Attorney General and the Head of the New Jersey State Police. Plaintiff alleges the regulations and policies in place were "insufficient to safeguard requirements to secure Plaintiff's 'minimal due process' rights." (Am. Compl. ¶ 24.) He argues the Defendants failed to implement regulations to prevent violations of procedural due process. (*Id.*) Plaintiff claims regulations were implemented "only after widespread systemic racial profiling had risen to the point of violating an inordinate number of rights of citizens and/or legal aliens in the state of New Jersey." (Am. Compl. ¶ 25.) Under a policy-maker theory, a person who has final policy-making authority may be liable under § 1983 if that person establishes a policy that is unconstitutional and that injures the plaintiff. *Chavarriaga*, 806 F.3d at 223; *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989). "[T]o establish a claim against a policy maker under § 1983 a plaintiff must allege and prove that the official established or enforced policies and practices directly causing the constitutional violation." *Chavarriaga*, 806 F.3d at 223. Alternatively, "[a] course of conduct is considered to be a custom when, though not authorized by law, such practices of state officials are so permanent and well-settled as to virtually constitute law." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d

Cir. 1990), superseded in part by statute on other grounds, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1072; *see also Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996).

Plaintiff's Amended Complaint fails to plead a claim of supervisory liability against the State of New Jersey, the Attorney General or the Head of the New Jersey State Police. Plaintiff does not allege these Defendants implemented any policy. Additionally, Plaintiff alleges no facts to support a conclusion that the Defendants were aware of any custom. Plaintiff makes conclusory statements without asserting any facts which would support personal involvement on the part of these Defendants in a policy or custom.   Plaintiff's vague claims of the failure to implement appropriate policy or regulations, without more, are insufficient to state a claim under § 1983 against the State of New Jersey, the Attorney General or the Head of the New Jersey State Police. As such, Plaintiff's supervisory liability claims against these Defendants are dismissed without prejudice.

Regarding Defendants Dintino and Fuentes, Plaintiff alleges they failed to recognize the actions of their subordinate police officers. Plaintiff is attempting to hold them liable strictly based on their supervisory status. As explained, above supervisory liability generally requires some affirmative conduct by the supervisor. *Parkell*, 833 F.3d at 330. Plaintiff does not state specific facts regarding Defendants Dintino and Fuentes personal involvement or affirmative conduct as supervisors. Plaintiff makes a conclusory argument that the Defendants "had a duty [] to oversee each and every action of the officers." (Am. Compl. ¶ 26(b).) Without more, Plaintiff has failed to state a claim under § 1983 against Defendants Dintino and Fuentes. Accordingly, Plaintiff's supervisory liability claim against Defendants Dintino and Fuentes is dismissed without prejudice.

## IV. Conclusion

For the reasons stated above, the Amended Complaint is dismissed without prejudice in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted.[2] Because it is conceivable Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, Plaintiff is granted leave to move to re-open this case and to file a proposed amended complaint. An appropriate order follows.

Dated: August 31, 2021

*/s/Brian R. Martinotti*

**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

---

[2] Because the Court dismissed all federal claims, the Court declines to exercise supplemental jurisdiction over any potential state law claim Plaintiff may have been attempting to bring. See U.S.C. § 1367(c)(3) ( a district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction.")